# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MICHAEL WILLIAMS,                    )
                                )
             Petitioner,   )
                                )
         v.                       )    No. 4:07CV987(CEJ)
                                )
PAT SMITH,                           )
                                )
             Respondent.   )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Michael Williams, an inmate at the Eastern Reception and Diagnostic Center (ERDC), for leave to commence this action without prepayment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### The petition

In 1991, a jury found petitioner guilty of murder and armed criminal action. See Petition, para. 4; see also State v. Williams, 853 S.W.2d 371 (Mo. App. 1993). In 1994, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams v. Delo, Case No. 4:94-CV-1054(ELF) (E.D. Mo.). This Court denied petitioner § 2254 relief. Id. The denial of

petitioner's § 2254 petition was affirmed by the Eighth Circuit Court of Appeals. <u>Williams v. Bowersox</u>, No. 96-2050 (8th Cir. March 4, 1997). In the instant action petitioner again asserts that his convictions are unconstitutional.

## Discussion

Petitioner previously sought and was denied a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

There is no indication that the Court of Appeals has certified the instant action as now required by § 2244(b)(3)(A). Because there is no certification from the Court of Appeals, this Court lacks jurisdiction to entertain the instant petition. Consequently, the instant petition should be summarily dismissed. <u>See</u> Rule 4 of the Federal Rules Governing § 2254 Cases in the United States District Courts.

At least three circuit courts of appeal, however, have held that when a petitioner files a successive habeas petition in the district court, without first seeking permission from the court of appeals, the case should be transferred to the court of appeals pursuant to 28 U.S.C. § 1631. <u>See</u> <u>In re Sims</u>, 111 F.3d 45, 47 (6th

2

Cir. 1997) (per curiam); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2d Cir. 1996).  Under § 1631, a court shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed. Once the case is transferred, the court of appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court. <u>Liriano</u>, 95 F.3d at 122-23.

The Court believes that the instant case should not be summarily dismissed.  Instead, the case should be transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as outlined in <u>Liriano</u>.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, without prejudice, because petitioner did not get permission from the Eighth Circuit Court of Appeals to bring this action as required by 28 U.S.C. § 2244.

Dated this 27th day of August, 2007.

_____
**UNITED STATES DISTRICT JUDGE**